UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIMOTHY STINSON, DIANE
STINSON and DON STINSON,

    Plaintiffs,

v.                                     Case No.:  2:22-cv-122-JLB-KCD

SECURITY FIRST INSURANCE
COMPANY,

    Defendant.
_____/

# ORDER[1]

Before the Court is Defendant Security First Insurance Company's Motion to Compel. (Doc. 27). Plaintiffs Diane Stinson, Don Stinson, and Timothy Stinson have responded (Doc. 28), making the motion ripe.

This is an insurance dispute. (Doc. 3.) After Hurricane Irma blew through Florida, Plaintiffs submitted a property damage claim to Security First. (Id. ¶ 8.) Security First "refused to provide coverage or payment . . . in accordance with the terms of the Policy." (Id. ¶ 12.) Plaintiffs thus sued, alleging a single claim for breach of contract. (Id. ¶¶ 15-22.)

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

As relevant to this discovery dispute, Security First served an initial set of interrogatory requests. (Doc. 27 ¶ 2.) Plaintiffs responded, but according to Security First, their answers "were incomplete, non-responsive, and improper." (*Id.* ¶ 4.) After failing to reach a compromise about Plaintiffs' responses, Security First filed the pending motion to compel. (*Id.* at 14.)[2]

Plaintiffs do not try to defend their interrogatory answers. Instead, they say an order to compel is unnecessary because the discovery responses were updated. (Doc. 28 at 1.) Given Plaintiffs' representation, the Court will deny Security First's motion as much as it seeks new interrogatory answers. *See, e.g.*, *Trahan v. Sandoz, Inc.*, No. 3:13-CV-350-J-34MCR, 2015 WL 12857088, at *1 (M.D. Fla. Sept. 24, 2015) (denying as moot motion to compel where updated discovery responses were served and the movant had "not requested a reply or made any request to address [the] amended responses").[3]

But that does not end the matter. Security First also asks the Court to award "expenses, including attorney's fees, incurred in connection with [the] motion to compel." (Doc. 27 at 12.) If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party or deponent whose conduct necessitated the

---

[2] None of the briefing is paginated. (*See* Doc. 27, Doc. 28.) Thus, where needed, the Court refers to the page numbers automatically generated by CM/ECF.

[3] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). This sanctions provision in Rule 37 is self-executing—the court *must* award expenses if the disclosures or requested discovery are provided in reaction to a motion to compel. See *KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021).

There is no doubt that Rule 37(a)(5) applies here. Plaintiffs admittedly updated their discovery answers following the motion to compel. (Doc. 28 at 1.) Thus, "an award of attorney's fees and expenses is mandated." *Bayer Healthcare Pharms., Inc. v. River's Edge Pharms., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014).

Rule 37 does have a safe-harbor provision. The court need not order sanctions if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The burden of avoiding sanctions rests on the disobedient party. *See, e.g.*, *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

Plaintiffs oppose Security First's request for expenses. They say, "awarding fees . . . would be unjust, as the allegedly insufficient responses cited by Defendant were not due to gamesmanship or otherwise bad faith by Plaintiffs; to the contrary, Plaintiffs and their counsel have been doing their best to adequately respond to the discovery requests." (Doc. 28.) But that's it. There is no further explanation offered, such as how Plaintiffs were "doing their best." Nor do Plaintiffs describe how their conduct was not gamesmanship or bad faith.

In essence, Plaintiffs want the Court to accept their *ipse dixit* that sanctions are unwarranted. But that's not something the Court can do. *See Eichmuller*, 2020 WL 10318567, at *2 (awarding attorney fees where the "[d]efendant . . . failed to provide any meaningful opposition to [the] request for sanctions"). Rule 37 offers three grounds to avoid a sanctions award. Plaintiffs' perfunctory arguments fail to carry the burden under any of them. The law thus compels an expense award in this case. *See KePRO Acquisitions, Inc.*, 2021 WL 6883475, at *3 (levying attorney fees where the opposing party "fail[ed] to present evidence supporting any of the three exceptions listed in Rule 37(a)(5)(A)").

Accordingly, is it now **ORDERED**:

1. Security First's request for an order compelling Plaintiffs to update their interrogatory answers is **DENIED AS MOOT**;

2. Security First's request under Rule 37 to recover reasonable expenses incurred in moving to compel is **GRANTED**;

3. Within 14-days of this order, the parties must meet and confer about the amount of attorney's fees and expenses sought by Security First;

4. If the parties cannot reach an agreement, Security First must submit a motion, which includes necessary supporting documents, detailing its reasonable expenses.

**ENTERED** in Fort Myers, Florida this September 22, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record